NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2503
_____

UNITED STATES OF AMERICA

v.

MICHAEL LOWRY,
                                     Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 10-cr-00238-001
(Honorable Alan N. Bloch)

_____

Argued April 17, 2012

Before:  SCIRICA, AMBRO and NYGAARD, *Circuit Judges*.

(Filed:  May 10, 2012)

RENEE PIETROPAOLO, ESQUIRE (ARGUED)
Office of Federal Public Defender
1500 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
        Attorney for Appellant

LAURA S. IRWIN, ESQUIRE (ARGUED)
REBECCA R. HAYWOOD, ESQUIRE
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
        Attorneys for Appellee

SCIRICA, *Circuit Judge*.

Michael Lowry pleaded guilty to possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced to 120 months' imprisonment, which he appeals. We will vacate and remand for resentencing.

**I.**

After an attempted drug sale to a police informant, Lowry was indicted for possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He pleaded guilty to the offense.

The Presentence Investigation Report determined that, based on an offense level of 15 with six criminal history points, the range of imprisonment under the sentencing guidelines was 24 to 30 months. Absent any objections, the District Court adopted the report as accurate. The government filed a sentencing memorandum requesting an upward variance to 72 months because Lowry's criminal history category did not include three convictions for juvenile drug trafficking or adequately consider Lowry's continued recidivism. The memorandum also alleged that Lowry had committed an uncharged murder. Lowry responded by noting that the previous convictions were for small-time dealing and possession, and submitted that, if the court wished to consider these convictions, it could raise Lowry's criminal history category to the next category rather than doubling the recommended maximum sentence. Lowry also disputed the

2

government's assertion that he had committed a murder and argued any consideration of this factor in sentencing would violate his constitutional rights.

At the sentencing hearing, the District Court stated that it would not consider the allegations of Lowry's involvement in a murder in sentencing. It then sentenced Lowry to 120 months' imprisonment. In making this determination, the Court reasoned that the Guidelines' recommended range was insufficient because it failed to account for Lowry's three juvenile adjudications. It also noted that Lowry had served most of a three- to six-year state sentence for a similar crime, and concluded that, "[i]f a six-year sentence did so little to deter the Defendant's criminal activities, a guidelines sentence in the range of 24 to 30 months would have little or no impact." The Court determined that "a guideline sentence would not adequately protect the public from the Defendant, provide any hope for rehabilitation, or provide adequate deterrence," and that a "a sentence substantially higher is needed in this case."

Lowry timely appealed.[1]

## II.

We review sentencing decisions in two stages. First, we determine whether the sentencing court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an

---

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

explanation for any deviation from the Guidelines range." *United States v. Gall*, 552 U.S. 38, 51 (2007). If we determine the district court committed procedural error, we remand for re-sentencing. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). But if the decision is procedurally reasonable, we proceed to review for substantive reasonableness, affirming "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The Supreme Court has made it "pellucidly clear that the familiar abuse-of-discretion standard of review . . . applies to appellate review of sentencing decisions." *Gall*, 552 U.S. at 46. We do not presume a sentence outside the Guidelines range unreasonable, although a "major departure should be supported by a more significant justification than a minor one." *Id*. at 50. The ultimate "[t]ouchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). In making this determination, we give "due deference" to the district court's determination that "the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. The mere "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*.

Here, the sentence imposed by the District Court constituted a substantial upward variance: it was 400% greater than the maximum that the District Court properly calculated under the Guidelines and nearly double the sentence sought by the

4

government.  Nonetheless, a substantial variance may be procedurally reasonable as long as it is "accompanied by a thorough justification of the sentence, 'including an explanation for any deviation from the Guidelines.'" *United States v. Negroni,* 638 F.3d 434, 446 (3d Cir. 2011) (quoting *Gall*, 552 U.S. at 51).

The District Court recognized that it was imposing a sentence "substantially higher" than that recommended under the Guidelines, and justified its decision by reference to several of the § 3553(a) factors.  Nevertheless, despite this thoughtful analysis, the proffered explanation is insufficient to support the sentence, which we conclude was procedurally unreasonable.

Most significantly, the District Court did not consider 18 U.S.C. § 3553(a)(6), which requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although we fault defendant's counsel for not raising the issue of disparity more clearly (particularly in response to the government's request for a sentence more than twice the Guidelines' recommended maximum), we believe that, under the totality of the circumstances and in view of the advisability to provide a substantial explanation for a substantial variance,[2] the issue was adequately raised to warrant consideration.  The District Court was not obligated to explicitly discuss this question as long as "the record makes clear the court took the factors into account in sentencing." *United States v.*

---

[2] The issue of disparity was implicated by the defendant's urging that he receive a sentence within the guidelines, as well as his proposal to revise his criminal history category to the next category, Category IV, rather than the substantial increase the government sought.

*Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).  But here, where there is no suggestion in the record that the District Court considered sentencing disparities, we cannot determine that this standard was satisfied.  *See Merced,* 603 F.3d at 224.  We accordingly conclude that the sentence was procedurally unreasonable and will remand for resentencing.

## III.

For the foregoing reasons, we will vacate Lowry's sentence and remand for resentencing.

*USA v. Michael Lowry*, No. 11-2503
NYGAARD, *Circuit Judge*, concurring.

I agree with the majority that Michael Lowry's sentence should be vacated and remanded to the District Court for resentencing. I, however, would do so for a different reason because in my view, counsel at sentencing rendered Lowry ineffective assistance by failing to properly object to the severity of his sentence.

The majority believes that counsel adequately raised the sentencing disparity, obligating the District Court to address it. I do not. I agree that, where the district court substantially varies from the Guidelines, it must provide a substantial explanation for doing so. Nonetheless, it is counsel's responsibility to identify deficiencies in the district court's reasoning so that—in addition to preserving the issue for appeal—the court has an opportunity to augment its explanation or, perhaps, alter its decision. It is asking too much of the District Court that it divine from vague references to the Guidelines that counsel believes that the sentence is unreasonably disparate from others similarly situated.

In my view, the glaring deficiency was with counsel's failure to raise the sentencing disparity at the sentencing hearing. Ineffective assistance of counsel claims are generally not reached on direct appeal except, in those rare circumstances, where "the record sufficiently establishes a basis for our review." *United States v. Theodoreopoulos,* 866 F. 2d 587, 598 (3rd Cir. 1989) *overruled on other grounds by United States v. Price,* 76 F.3d 526, 528 (3d Cir. 1996); *see also Government of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984). This case fits within that narrow exception because there is no need for further factual development here. It was incumbent upon counsel, knowing that the Government was going to ask for a sentence in excess of 72 months, to come armed, not only with an objection to the disparity of the sentence, but with exemplar evidence sufficient to convince the District Court that the sentence is unreasonably disparate from others similarly situated. I would remand on this basis.

1